**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

GENARO AGUILAR CUEVAS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-205

Agency No.
A213-079-166

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025**
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Genaro Aguilar Cuevas, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying his application for asylum,

withholding of removal, and cancellation of removal for certain nonpermanent

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted the parties' joint motion to submit this
case on the briefs [Dkt. 38].

residents under Section 240A(b)(1) of the Immigration and Nationality Act, and denying Petitioner's due process claims.[1]  We have jurisdiction over this appeal under 8 U.S.C. § 1252.  Where, as here, the BIA adopts and affirms the decision of the IJ and provides additional reasoning, we review both decisions.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).  We deny the petition.

1.　　Petitioner concedes that his October 2018 application for asylum is untimely, but argues that an increase in organized crime and violence in Mexico since he last entered the United States in 2007 qualifies as changed circumstances excusing his untimely application.  An applicant for asylum generally must request relief within one year of arriving in the United States.  8 U.S.C. § 1158(a)(2)(B).  An exception to this rule applies if the applicant can prove "the existence of changed circumstances which materially affect the applicant's eligibility for asylum."  *Id*. § 1158(a)(2)(D).

Substantial evidence supports the Agency's conclusion that Petitioner did not demonstrate changed circumstances that excused his untimely asylum application.  *See Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007).  The Agency correctly found that an increase in organized crime and human rights violations in Mexico do not constitute changed circumstances because Petitioner

---

[1] Petitioner does not seek review of the BIA's conclusion that Petitioner failed to challenge, and thus waived, the IJ's denial of relief under the Convention Against Torture.

departed Mexico after he was threatened by a cartel member and because he feared increasing criminal activity. "New evidence confirming what [Petitioner] already knew … does not constitute changed circumstances." *Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016).[2]

2. Petitioner argues that his proposed particular social group, defined as "relationship to some family members who were victims of crime," is cognizable, and that the harm done to his uncle's niece "can arguably place [Petitioner] in similar harm" because he "may be recognized" by his uncle's niece's persecutors who "may want to harm her family." "For both asylum and withholding claims, a petitioner must prove a causal nexus[.]" *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

Substantial evidence supports the Agency's conclusion that Petitioner is not eligible for asylum or withholding of removal because he did not demonstrate that any feared harm was on account of a protected ground. Even assuming that Petitioner's proposed particular social group is cognizable, Petitioner offers no evidence that anyone would seek to target him on account of his familial relationships. Rather, Petitioner testified that no one knows what exactly happened

---

[2] Even accepting Petitioner's changed circumstances argument, the BIA alternatively denied Petitioner's asylum application as untimely because the BIA found that the period of time between when Petitioner's uncle's niece disappeared and when Petitioner filed his application was unreasonable. Petitioner does not challenge this alternative ground for denial.

to his uncle's niece who disappeared, meaning there is no evidence her persecutors would recognize and target Petitioner as her relative, and that he fears returning to Mexico because he would be perceived as having money.

3.      Petitioner argues that his removal would "result in exceptional and extremely unusual hardship" to his wife and three children (a twelve-year-old, a three-year-old, and a one-year-old), all of whom are United States citizens.  8 U.S.C. § 1229b(b)(1)(D).  Petitioner claims that his wife would struggle as the sole caretaker and provider because of her diagnosed mental health issues and a previous work injury that limit her ability to obtain employment or adequately care for their children.  Further, Petitioner points to his daughter's chronic anemia that requires constant medical care.

We review the Agency's hardship determination under "the substantial evidence standard." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025).  We consider "'the ages, health, and circumstances' of qualifying relatives," and "the hardship must be 'substantially beyond the ordinary hardship that would be expected when a close family member leaves the country.'" *Id*. at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62-63 (B.I.A. 2001)).  "The facts underlying any determination on cancellation of removal" are "unreviewable." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

Substantial evidence supports the Agency's finding that the hardship

Petitioner's qualifying relatives would experience from his removal is not exceptional and extremely unusual or substantially beyond that which would ordinarily be expected from a family member's removal from the United States. Although Petitioner's wife has not returned to work after injuries to her back and shoulder, the IJ properly considered her employment prospects and found that she was stable and no longer received treatment for her injury, had a high school education, and did not have any employment restrictions beyond being unable to lift more than ten pounds. Further, the IJ credited Petitioner's wife's testimony that she saw a psychologist and that her mental health is better now. The IJ also found that Petitioner's wife drives their daughter to doctor appointments, and medical care for the daughter's anemia would remain available in the United States. Finally, the IJ found Petitioner's mother-in-law has helped care for the children in the past and could be available to assist in the future.[3]

4.     Additionally, Petitioner claims he was deprived of due process because the IJ was inappropriately biased. Petitioner argues the IJ's statements that Petitioner bypassed the line and was living off the opportunities that rightfully

---

[3] Petitioner contends the IJ erred in not considering Petitioner's mother-in-law's health issues and Petitioner's inability to pursue the consular process. However, as the Government notes, Petitioner failed to exhaust these arguments before the BIA. Petitioner also claims the IJ erred in its factual finding that Petitioner's mother-in-law could assist with childcare. However, the IJ's factual findings are "unreviewable." *Wilkinson*, 601 U.S. at 225.

belong to those waiting in line for the legal opportunity to come to the United States showed the IJ was biased against him being Mexican. Further, Petitioner contends the IJ indirectly accused Petitioner of making a frivolous asylum claim through the IJ's multiple warnings about the consequences of making a frivolous asylum application. Finally, Petitioner claims the BIA was sexist by incorporating the IJ's remark that Petitioner's wife gave birth to two children after her work injury. "We ordinarily review due process challenges de novo. A due process violation occurs where (1) the proceeding was so fundamentally unfair that the [petitioner] was prevented from reasonably presenting her case, and (2) the [petitioner] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (quotation marks and citations omitted).

The BIA properly rejected Petitioner's due process claim regarding the IJ's comments about bypassing those waiting in line in countries like Mexico to legally enter the United States. As the BIA noted, the IJ's comments read in context were an attempt to explain the reason Congress enacted cancellation of removal and imposed the exceptional and extremely unusual hardship standard. Further, Petitioner fails to demonstrate how the IJ's statements about the purpose of cancellation of removal prevented Petitioner from reasonably presenting his case

6                                                    22-205

or may have affected the outcome. Similarly, Petitioner fails to show how the IJ's warnings of the consequences of filing a frivolous asylum application, or statement that Petitioner's wife gave birth to two children following her injury, prevented Petitioner from reasonably presenting his case, or may have affected the outcome of his application for asylum or cancellation of removal. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[E]xpressions of impatience, dissatisfaction, annoyance, and even anger," without more, are insufficient to establish bias or partiality). Petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind." *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).[4]

**PETITION FOR REVIEW DENIED**.

---

[4] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. Nos. 3, 11.